# Applicability of the Federal Advisory Committee Act to Law Enforcement Coordinating Committees

If the functions of Law Enforcement Coordinating Committees (LECCs) are limited to the exchange of information, or to making operational decisions involving law enforcement matters, they will not be covered by the Federal Advisory Committee Act (FACA). However, to the extent that a LECC performs "advisory functions" by giving advice and recommendations to federal officials, it would be subject to the FACA's requirements when performing those functions.

September 10, 1981

MEMORANDUM OPINION FOR THE ACTING DIRECTOR, EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

This responds to your request that we provide advice about the Federal Advisory Committee Act (FACA) [1] for the United States Attorneys who are charged with establishing Law Enforcement Coordinating Committees (LECCs). [2] The central issue that will be of concern to the United States Attorneys is whether the LECCs are "advisory committees" and thus subject to the FACA's procedural requirements. [3] So long as the actual operations of LECCs conform to the limitations stated in the Associated Attorney General's memorandum providing instructions about their establishment and functions, we conclude that the FACA will not apply to them.

The FACA defines the term "advisory committee" broadly as any "committee, board, commission, council, conference, panel, task force, or other similar group," as well as any subgroup or subcommittee thereof, that is either "established" or "utilized" by a federal agency or the President in the interest of obtaining advice or recommendations. [4]

---

[1] Pub. L No. 92-463, 86 Stat. 770, 5 U.S.C. App (1976)

[2] LECCs are to be established pursuant to Attorney General Order No 951-81 (July 21, 1981). They are to be comprised of federal, state, and local law enforcement officials in each district.

[3] The FACA requires, *inter alia*, that a charter must be prepared before an advisory committee may be constituted, that public notice of all committee meetings must be provided, and that all meetings must be opened to the public unless one of the specific exemptions in 5 U.S.C § 552b(c)—made applicable to advisory committees in § 10(d) of the FACA—is found to apply. *See* §§ 9 & 10 of the FACA.

[4] *See Consumers Union of United States, Inc. v Department of HEW,* 409 F. Supp. 473, 475 (D.D.C. 1976), *aff'd mem.,* 551 F.2d 466 (D.C Cir. 1977) ("The Act defines advisory committee in a general, open-ended fashion"). It is not necessary for a "committee" to be "established" as an "advisory committee" in order for it to be covered by the FACA. It may be so covered as long as it is "utilized" as such a committee, even though never formally established as such.

The LECCs are clearly to be "established" as "committees," for they are to have a definite membership, regular meetings, agendas, a sub-committee structure, and other attributes of formal committee organizations. *Cf. Nader* v. *Baroody*, 396 F. Supp. 1231, 1233 (D.D.C. 1975), *vacated as moot*, No. 75–1969 (D.C. Cir 1977); *National Nutritional Foods Ass'n* v. *Califano*, 603 F.2d 327, 334–36 (2d Cir. 1979). Also, the FACA's specific exemptions from coverage do not apply to the LECCs.[5] Accordingly, the only basis for concluding that the LECCs are not "advisory committees" is that they may not be "established" or "utilized" by federal officials in the interest of obtaining advise, in particular from the state and local officials who are to be members.[6] In specific terms, the functions of the LECCs may not be advisory at all but rather may be oriented toward (1) the exchange of information and/or (2) the performance of "operational" responsibilities. We will discuss each possibility in turn.

(1) The FACA defines an "advisory committee" as a committee established or utilized "in the interest of obtaining advice or recommendations" for federal agencies or officers. *See* § 3(2). Thus, to the extent that a committee's function is to provide a forum for the exchange of information and data—not advice and recommendations—the committee by definition will not be an "advisory committee." [7]

With respect to the LECCs, the Associate Attorney General's memorandum states at several points that certain of a committee's or subcommittee's functions[8] are to be limited to the exchange of information. So long as that is the case, the FACA will not apply with respect to those functions. If in practice the committee's functions differ from those stipulated in the Associate Attorney General's memorandum, the FACA's applicability should be reexamined.

(2) A committee established by a federal agency also may not be an "advisory committee" so long as its functions are specifically operational, not advisory. This distinction is expressed in joint Department of Justice-Office of Management and Budget draft guidelines interpret-

---

[5] The FACA specifically exempts committees comprised wholly of full-time federal employees. *See* § 3(2). It also exempts committees established or used by the Central Intelligence Agency or the Federal Reserve System, *see* § 4(b); "any local civic group whose primary function is that of rendering a public service with respect to a Federal program, or any State or local committee, council, board, commission, or similar group established to advise or make recommendations to State or local officials or agencies," *see* § 4(c); and certain particular committees in existence when the FACA was enacted, *see* § 3(2). The LECCs are not to be comprised solely of federal employees. They also could not be characterized as "local civic groups" or as "State or local committees" established to advise state or local officials or agencies. They also come within none of the other specific exemptions from coverage.

[6] A committee comprised solely of federal, state, and local employees may be an "advisory committee" if it provides a forum for the state and local officials to advise federal officials. *See Center for Auto Safety* v. *Cox*, 580 F.2d 689 (D.C. Cir. 1978).

[7] It is possible for a committee to have mixed functions, some "advisory" and others not. To the extent that a committee has advisory functions at all, it would normally be considered an advisory committee when performing those functions, barring distinguishing factors.

[8] The definition of "advisory committee" makes plain that a "subcommittee" or "subgroup" of an advisory committee is itself covered by the FACA. *See* § 3(2).

ing the FACA, 38 Fed. Reg. 2306 (Jan. 23, 1973). The distinction, which has been applied by this Department since the Act's passage, is confirmed by the legislative history.[9] The key question in applying it is whether a committee's functions are "operational" instead of advisory. Although that term may not be susceptible to precise definition, it has been employed by this Office to refer generally to the making or implementation of concrete decisions by the members of a committee or subcommittee, as opposed to offering advice to officials who will make the decisions themselves. *See generally Amending the Federal Advisory Committee Act: Hearings on S. 2947 Before the Subcommittee on Reports, Accounting, and Management, Senate Committee on Government Operations,* 94th Cong., 2d Sess. (1976) (testimony of Deputy Assistant Attorney General Lawton). This usage is consistent with the dictionary's definitions of "operational" as "of or relating to operation or an operation" and of "operation" as, *inter alia,* "doing or performing of a practical work" and "an exercise of power or influence." *Webster's Third New International Dictionary* 1581 (1976).

In several places the Associate Attorney General's memorandum provides that the functions of certain subcommittees involve the performance of operational responsibilities.[10] These could include, for instance, making decisions about how to proceed in particular cases, of formulating operational procedures for handling a set of related cases or law enforcement problems. To the extent that the responsibilities of a subcommittee or a full committee are limited to such operational matters, the FACA would not apply.

In sum, if the functions of the LECCs and their subcommittees are limited in the manner set forth in the Associate Attorney General's memorandum either to the exchange of information, or to making operational decisions involving law enforcement matters, they will not be covered by the FACA.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[9] *See* H R. Rep No. 1017, 92d Cong., 2d Sess. (1972), *reprinted in* 1972 U.S. Code Cong. & Ad. News 3494 ("The term advisory committee as used in this bill does not include committees or commissions which have operational responsibilities.")

[10] In order for a subcommittee or a full committee to be able to perform "operational" functions, it is necessary that members have the authority to so act. That is the reason for the stipulation in the Associate Attorney General's memorandum that LECC members are to have the authority to make operational decisions.